IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN STOCKTON, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> RON E. BARNES, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 15-0171 RMW (PR) <br><br> ORDER TO SHOW CAUSE <br><br> (Docket Nos. 6, 9) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.[1] The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, petitioner was issued a Rules Violation Report after engaging in a hunger strike at Pelican Bay State Prison. Petitioner has filed unsuccessful state habeas petitions in each level of the state courts.

///

///

---

[1] Petitioner's motion to proceed in forma pauperis is DENIED as unnecessary. (Docket No. 6.) Petitioner's ex parte motion of notice of court fee is construed as a motion for an extension of time within which to pay the filing fee. So construed, the motion is GRANTED. (Docket No. 9.)

Order to Show Cause
P:\PRO-SE\RMW\HC.15\Stockton171osc.wpd

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, petitioner alleges that: (1) petitioner's due process rights were violated at the rules violation hearing (Claims 1-3), and (2) the California Code of Regulation, title 15 § 3005(a) and Operation Procedure No. 228 are vague and overbroad (Claim 5). Liberally construed, the court orders respondent to show cause why the petition should not be granted.

Petitioner's claims that the threat of issuing the Rules Violation Report violated his right to free speech and was an act of retaliation are not cognizable in a habeas corpus proceeding. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. Here, petitioner's claims of free speech and retaliation are not allegations that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Thus, they are not cognizable in this habeas proceeding and are dismissed.

Finally, petitioner's claim that the state court erred in denying his petition is dismissed for failing to state a claim for relief. Errors in the state post-conviction review process are not

addressable through federal habeas corpus proceedings.  See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) (state judge's refusal to appoint counsel in second post-conviction relief proceeding might be a violation of Arizona law, but does not constitute ground for a federal habeas claim because there is no constitutional right to an attorney in a state post-conviction proceeding); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (dismissing claim that state court's delay of over a year in deciding petitioner's state post-conviction relief petition was in violation of his right to due process; "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings").  Such errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief.

**CONCLUSION**

1. The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is

1 | filed.

2 |     4.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
3 | all communications with the court must be served on respondent by mailing a true copy of the
4 | document to respondent's counsel. Petitioner must keep the court and all parties informed of any
5 | change of address by filing a separate paper captioned "Notice of Change of Address." He must
6 | comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
7 | of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8 |     IT IS SO ORDERED.

9 | DATED: 9/22/2015



RONALD M. WHYTE
United States District Judge

Order to Show Cause
P:\PRO-SE\RMW\HC.15\Stockton171osc.wpd         4